BROWN, Judge,
dissenting.
[33] While I agree with the majority that the designated evidence shows a genuine issue of material fact- as to whether the Bar had actual knowledge of Marlow’s visible intoxication, I respectfully dissent from its conclusion that an issue of fact exists regarding whether the Bar proximately caused Marlow’s injuries. “Proximate cause is the limitation which courts have placed on the actor’s responsibility for the .consequences of his act or failure to act.” Fast Eddie’s v. Hall, 688 N.E.2d 1270, 1274 (Ind.Ct.App.1997), reh’g denied, trans. denied. As acknowledged by the majority, “a willful, malicious criminal act of a third party is an intervening act which breaks the causal chain between the alleged negligence and the resulting harm,” proximate cause may not be found where an intervening act is present, and under such circumstances the issue becomes a question of law appropriate for a court to determine. See id..
[34] ' In' Fast Eddie’s, the manager at the tavern in question asked Michael Lamb to remove Teresa Hall from the premises because the manáger “noticed that Hall had become heavily intoxicated and was having difficulty sitting up on her bar stool.” Id. at 1271. Lamb did so and put Hall in the' car of his friend, John Schooley. Id. At one point, Schooléy left the tavern and drove to his trailer, and Hall remained passed out in the passenger seat of his car. Id. Subsequently, Lamb drove to Schooley’s frailer, noticed Hall in the car, and put her in his car. Id. Afterward, he drove to the Riley Conservation *1277 Club and shot Hall in the abdomen and head, resulting in her death. Id. There was also evidence that Hall had been sexually assaulted. Id. Hall’s blood alcohol was later tested at .23%. Id. Her estate sued the tavern under the Dram Shop Act, alleging that it violated the act “by serving Lamb and Hall alcoholic beverages when they were visibly intoxicated.” Id. The tavern filed a motion for summary judgment which was denied by the trial court. Id. at 1272.
[35] On appeal, this Court held that, “even assuming Fast Eddie’s breached its statutory duty under the Dram Shop Act, its breach was not the proximate 'cause of Hall’s sexual assault and death.” Id. at 1274-1275. The Court first noted that “the chain of causation in the instant case is extremely tenuous” because “[although Lamb initially escorted Hall out of the tavern, he returned to the bar after Schoo-ley drove Hall to his trailer” and that it was later in the evening when he “decided to proceed to Schooley’s home, found Hall passed out in Schooley’s car and killed her.” Id. at 1275. The court also found that “even if the chain of causation [was] stronger, Lamb’s intentional criminal acts were the intervening cause of Hall’s death which broke the causal chain between Fast Eddie’s negligence and Hall’s sexual assault and death” and that “[t]herefore, Fast Eddie’s alleged violation of the statute was not the proximate cause of Hall’s sexual assault and death.” Id:
[36] Although the chain of causation between the acts of serving alcohol to Mar-low and his injuries is less tenuous than in Fast Eddie’s, I believe that the intentional criminal act of resisting law enforcement by running into the middle of a busy highway broke the causal chain. The court in Fast Eddie’s recognized the difference between “automobile accidents which occur as the result of alcoholic beverage consumption,” and assault and murder, which “are intentional acts of volition which are the result of an assailant’s deliberate design.” Id.' Similarly, Marlow’s' act of running from the police and into the highway was an intentional act of volition, rather than something which occurred by accident as a result of his state of intoxication. This criminal intent is not negated by the fact that Marlow was voluntarily intoxicated. See Sanchez v. State, 749 N.E.2d 509, 520 (Ind.2001) (noting that, generally, voluntary intoxication does not negate a criminal actor’s mens rea and in fact satisfies the intent element of the crime). The fact that Marlow manifested this criminal intent in the course of an OWI investigation is immaterial.
[37] The intervening act of Marlow resisting law enforcement by running from the police and into the middle of a four-lane highway at night leads to,the single conclusion that the Bar was not the proximate cause of Marlow’s injuries. The Bar was accordingly entitled to summary judgment in its favor. For this reason, I respectfully dissent from the majority’s conclusion to reverse the trial court’s grant of summary judgment in the Bar’s favor, and would affirm the trial court.